IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TURHAN REDDEN | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| THE KING'S CORNER PUB, LLC, *et al.* | : | NO. 16-6152 |
| | : | |

### MEMORANDUM

**SURRICK, J.**                                                                                       **OCTOBER 27, 2017**

Presently before the Court is the parties' Joint Motion For An Order Approving Settlement (ECF No. 19). For the reasons that follow, we will grant the Motion and approve the proposed Settlement Agreement.

### I.     BACKGROUND

Plaintiff Turhan Redden filed this action against Defendants, The King's Corner Pub, LLC and The Drake Tavern, LLC,[1] alleging that Defendants failed to pay him and similarly situated employees overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment and Collection Law. *See* 29 U.S.C. §§ 206(b) and 207(a)(1); 43 Pa. Stat. and Cons. Stat. Ann. § 333.113; Pa. Stat. and Cons. Stat. Ann. § 260.1, *et seq.*

In addition, Plaintiff alleged, on his own behalf, a claim against Defendant King's Corner for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and

---

[1] A third Defendant, Prime Time Beef and Ale, LLC, was also named in the Complaint, but was dismissed from the action without prejudice by Joint Stipulation and Order dated February 16, 2017. (ECF No. 10.)

claims against both Defendants for violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and for wrongful discharge under Pennsylvania common law.  In his individual claims, Plaintiff alleged that Defendants failed to engage in an interactive process to determine a reasonable accommodation for his disability resulting from a hernia injury, terminated him on account of his disability, interfered with his rights under the FMLA, and retaliated against him for attempting to exercise his rights under the ADA, FMLA, and Pennsylvania worker's compensation law.

Plaintiff and Defendants have settled their dispute and seek approval of the proposed Settlement Agreement resolving all of Redden's individual claims against Defendants.[2]

## II.   LEGAL STANDARD

A FLSA claim may be compromised or settled in two ways:  (1) a compromise supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c); or (2) a compromise approved by the district court pursuant to 29 U.S.C. § 216(b).  *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012) (citing *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, Emp't  Standards, Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Lyons v. Gerhard's Inc.*, No. 14-06693, 2015 WL 4378514, at *3 (E.D. Pa. July 16, 2015).[3]

---

[2]   Although Plaintiff initially filed the FLSA and state law wage and hour claims as a putative collective/class action pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23, Redden is the only Plaintiff, and he has not filed a motion for conditional certification of a collective/class action.

[3]   The Third Circuit has yet to address whether court approval is required for private settlements of FLSA actions claiming unpaid wages, but district courts in this Circuit have concluded that court approval is required and have analyzed proposed settlements under the criteria set forth in *Lynn's Food Stores*.

A district court may approve a FLSA settlement where it represents a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores,* 679 F.2d at 1355; *see also, e.g., Nwogwugwu v. Spring Meadows at Lansdale, Inc.*, No. 16-2663, 2017 WL 2215264, at *2 (E.D. Pa. May 18, 2017); *In re Chickie's & Pete's Wage and Hour Litig.*, No. 12-6820, 2014 WL 911718, at*2 (E.D. Pa. Mar. 7, 2014).  "A proposed settlement agreement resolves a bona fide dispute if it 'reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute' and is not a 'mere waiver of statutory rights brought about by an employer's overreaching.'" *McGee v. Ann's Choice, Inc.*, No. 12-2664, 2014 WL 2514582, at *2 (E.D. Pa. June 4, 2014) (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

If the court is satisfied that the dispute is bona fide, it then conducts a two-part inquiry. The court first evaluates whether the proposed settlement is fair and reasonable to the employee or employees involved and, if it is, the court then evaluates whether the agreement "furthers or impermissibly frustrates the implementation of [the] FLSA in the workplace." *Id.* at *2; *see also, e.g.*, *Nwogwugwu*, 2017 WL 2215264 at *2; I*n re Chickie's & Pete's*, 2014 WL 911718 at *2.

### III. DISCUSSION

#### A. The Settlement Is A Fair and Reasonable Resolution Of A Bona Fide Dispute

As a threshold matter, a bona fide dispute exists regarding Plaintiff's FLSA claims. Plaintiff's Complaint alleged that he worked approximately five to ten hours of overtime per week, that he was not paid the overtime premium for those hours, and that Defendants failed to track, record and report all hours worked by Plaintiff.  (Compl. ¶¶ 33-36, ECF No. 1.) Defendants denied these allegations in their Answer, and they maintain this position in the Settlement Agreement.  (Answer ¶¶ 33-36, ECF No. 9; Agreement at Recitals & ¶ 4, Joint Mem. Ex. 1, ECF No. 19.)  *See also Nwogwugwu*, 2017 WL 2215264 at *2.

Turning to the Settlement Agreement terms, we find that they are fair and reasonable to Plaintiff.  We note that from the inception of this dispute through the negotiation of the settlement and its submission for Court approval, Plaintiff has been represented by counsel, who investigated the facts and law relevant to Plaintiff's claims and negotiated the resolution memorialized in the Settlement Agreement.  Plaintiff's counsel has acknowledged that there would be substantial expenses involved in continuing this litigation, along with significant risks involved in demonstrating liability, particularly where, as here, there is an absence of time records.  (Joint Mem. 5-6.)  *See Nwogwugwu*, 2017 WL 2215264 at *3.

Defendants have agreed to pay Plaintiff a total of $25,594, with $12,797 of that sum being paid as wages, and $12,797 representing additional non-wage compensation.  (Agreement ¶ 1.A.)  The parties have represented, consistently with the Complaint's allegations, that Plaintiff's maximum possible recovery for his FLSA unpaid overtime claim would be $8,865, inclusive of liquidated damages.  (Joint Mem. 7.)  Therefore, the portion of the settlement payment designated as wages alone represents 144 percent of Plaintiff's maximum possible recovery for his alleged FLSA claims.  And, as noted above, Plaintiff will receive an additional $12,797 in non-wage compensation.

In addition to the $25,594 payment to Plaintiff, Defendants have agreed to pay $14,406 in attorneys' fees.  (Agreement ¶ 1.B.)  "Under the FLSA, the Court 'shall, in addition to any judgment awarded to the plaintiff . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'"  *Mabry v. Hildebrandt*, No. 14-5525, 2015 WL 5025810, at *3 (E.D. Pa. Aug. 24, 2015) (quoting 29 U.S.C. § 216(b)).  In this Circuit, the percentage of recovery method is the prevailing methodology used by courts for wage and hour cases.  *Id.* at *3 (citation omitted).  Here, the proposed $14,406 in attorneys' fees represents approximately 36

percent of the $40,000 settlement fund, which is within the range of fee awards approved by courts in this Circuit. *Id.* at *4 (collecting cases and observing that "[t]he percentage of the recovery award in FLSA common fund cases ranges from roughly 20-45%"); *see also, e.g.*, *Lyons*, 2015 WL 4378514 at *5 (approving fees of 44 percent); *Nwogwugwu*, 2017 WL 2215264 at *3 (approving fee award of 35 percent of total settlement amount); *Schwartz v. Pennsylvania State Univ.*, No. 15-2176, 2017 WL 1386251, at *5 (M.D. Pa. Apr. 18, 2017) (approving fees of 33 percent). Accordingly, we are satisfied that proposed attorneys' fees are also fair and reasonable.

      **B.**      **The Settlement Does Not Frustrate the Implementation Of the FLSA**

Having found that the Settlement Agreement is fair and reasonable, we further conclude that its provisions do not impermissibly frustrate the implementation of the FLSA. The Settlement Agreement does not include a confidentiality provision, which courts generally find inappropriate in the context of FLSA settlements. *See, e.g.*, *Mabry*, 2015 WL 5025810 at *2-3.

The Settlement Agreement contains a general release; however, under the circumstances of this case, we find that the release is consistent with the legal basis of Plaintiff's Complaint, which alleged not only FLSA claims, but also claims under the ADA, FMLA, and Pennsylvania common law. (Agreement ¶ 3.) The release also specifically exempts claims for unemployment or workers' compensation benefits, claims for vested benefits under ERISA-covered employee benefit plans, and claims which cannot be released by private agreement. (*Id.*)

Finally, the general release and Plaintiff's waiver of future employment with Defendants are supported by significant additional consideration beyond the full compensation provided for Plaintiff's FLSA claims.[4] *Cf. Lyons*, 2015 WL 4378514, at *2 (approving settlement containing

---

[4] Although we have not identified any decisions from courts in this Circuit discussing future employment waivers in FLSA settlements, courts elsewhere have permitted their inclusion

general release where half the payment to plaintiff was for non-wage compensatory damages); s*ee also Dong Kim v. Confidental Studio Inc.*, No. 15-410, 2017 WL 3592455 at *3 (D. Md. Aug. 21, 2017) (finding general release of all claims relating to plaintiff's employment reasonable where the employee is compensated reasonably for the release); *Rice v. Metroplex Corp.*, No. 16-290, 2017 WL 3037498 at *2 (M.D. Fla. June 30, 2017) (finding general release reasonable where plaintiff received additional consideration beyond the amount for the FLSA claims), *Report and Recommendation adopted by,* 2017 WL 3023283 (M.D. Fla. July 17, 2017); *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1178-79 (S.D. Cal. 2016) (discussing propriety of general release where plaintiff receives independent consideration); *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-cv-8187, 2015 WL 7871036 at *2 (S.D.N.Y. Dec. 3, 2015) (finding a broad release appropriate where the named plaintiff had non-FLSA claims that he did not share with other plaintiffs, and he received a separate payment to relinquish those claims); *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 410-11 (D. Md. 2014) (concluding that if the employee is compensated reasonably for the general release, the settlement can be accepted).

---

where the effect on a plaintiff's employment opportunities is not substantial. *See, e.g. Flores v. Food Express Rego Park, Inc.*, No. 15-1410, 2016 WL 386042 at *2 (E.D.N.Y. Feb. 1, 2016) (concluding that where defendants had one remaining restaurant, impact of employment waiver was not substantial); *Robertston v. Ther-Rx Corp.*, No. 09-1010, 2011 WL 1810193 at *2 (M.D. Ala. May 12, 2011) (finding waiver of employment permissible where impact of the provision was inconsequential); *see also Lowery v. Auto Club Group, Inc.*, No. 17-359, 2017 WL 3336464 at *4 (M.D. Fla. Aug. 3, 2017) (finding future employment waiver reasonable and noting that "Plaintiff, as a former employee of Defendant, knows exactly what he is relinquishing when he agrees not to seek future employment with Defendant").

## IV.  CONCLUSION

For the foregoing reasons, we will grant the parties' Joint Motion For An Order Approving Settlement. An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**